We'll next hear from counsel in United States v. Garcia. There we are. Good morning, Your Honors. David Zucman on behalf of Mr. Garcia-Aguilar. I really did try to settle this case, Your Honors. I'm a little bit flummoxed. I'm a little bit flummoxed by the government's 28-J letter of yesterday, where the government argues that it cited the two cases on California receipt of stolen property as those were just supposed to go to the plain error because these two cases existed. And, you know, that's not what they argued in their response brief. In their response brief, they argued these cases held at 496 were aggravated felons. And that's not what those cases said. It's not at all what they said. But it's kind of ironic and a little bit abusing that the government is now arguing, well, even if the cases didn't say that, had the district court, you know, done the cursory review of those cases that we did, they also might have wrongly concluded that 496 was an aggravated felony. So I think right now I have a freestanding challenge to 496 being overbrought. The Claussen and Juhlin cases from the California Supreme Court say — Suppose it's not an aggravated felony. How does that affect this case? Well, I mean — Aside from — aside from a — Yeah, you're — I mean, it's a theoretical argument that the district court wouldn't have done what it did if it had known that. Well, we all know that Judge Burns would have imposed a sentence above 24 months had he had any ability to sue. So it's kind of irreverent in terms of what was done here, is it not? I don't think so, because this Court in Cantrell said that — Excuse me? This Court in Cantrell said that when you miscalculate the guidelines, that's a significant procedural error. We don't — I said aside from the — well, we said it is a procedural error. But if it wouldn't have made any difference in the world — you know, there's — there's like the old Williams case in the Supreme Court. You know, it wouldn't make any difference in the world. Why spend a lot of time on that? Isn't — don't you have a different problem here? Your Honors, I've consolidated this with another case on 496, so I thought that might have been a point of interest. But, yeah, you're totally right in saying that Judge Burns was going to impose as much time as he possibly could. And I think that the real meat and potatoes of this issue is — So get to the meat of it. What stopped him from giving a five-year term of probation? Why couldn't he do that? Oh, well, it's simple. Mr. Garciagular had served two years. We all recognize that he had spent more than two years. I don't see why that's relevant. You're at sentencing. And let's say he served one day short of two years. Okay. For example. It seems to me at sentencing, doesn't the judge have certain possibilities? He can sentence a person to prison and then give credit for time served. Sure. Put him on supervised release. Sure. Or you can put him on probation. Sure. True? Yeah. So if a person has served his two years of prison, that doesn't keep the judge — prevent the judge, sing the name, from imposing a two-year prison term, give him credit for time served, and put him on supervised release.  Yeah. Yeah, one year. He could have done that, right? He should have done that, yes. You think he should have, really? Yeah, he told me he should, yes. The supervised release follows a prison term. It doesn't just come out of the air. Correct. So he'd have had to impose a term of imprisonment. But he'd served two years. Judge Burns recognized that. That's not how he served. If the judge at sentencing said, you know what? This guy shouldn't have served anything. I'm not going to give him any term of imprisonment. He never should have served a bit. So my judgment will be no term of imprisonment. But there's no question here that Judge Burns was imposing a sentence as harsh as he possibly could in violation of what the statute provided for him. Well, just a minute. Where did he say — to answer his question, where did he say anything about what imprisonment term he'd ever imposed? He didn't ever say anything. When he admitted him to bail. He put him on probation. My point is, when he admitted him to bail, when he first appeared in the district court in October, I think it was 14th District Court, Judge Burns said, I'm going to give him an O.R. release right now because I recognize he has already served more than two years. You can't make it up and pretend like Mr. Garcia-Aguilar wasn't in prison for that time. There's no question. I went and saw him. He was in jail for those two years. And that was the maximum he could serve under the statute. What's that got to do with sentencing? It has everything. I mean, this allows the district court — What does it have to do with imposing sentence? Not as opposed to imposing imprisonment. What does it have to do with imposing sentence? I — respectfully, that seems selfish to me. I'm sorry? That seems selfish to me, to pretend like it's — What does that mean, selfish? It means it's legal — I'm just from Idaho. I don't understand all these big California terms, I guess. But it means that you're pretending that there is some ethereal sentencing principle that can make — do away with the fact that Mr. Garcia-Aguilar served a statutory maximum for his offense. We all agree he did that. Let me ask you a question. If the guy violates the terms and conditions of his probation, he then can get a sentence, correct? Mm-hmm. Well, at that time, then the judge could impose a two-year sentence and give him two years' credit. Yeah, I — And then give him suspended — He may have banked custody credits. I mean, he may have banked custody credits. All he has is a probation sentence. Right. Yeah, but I don't think we should be going down this road. I mean, the bottom line is my colleague's question. I'd like to hear a good answer to, rather than call it some word I don't understand. I'd like to know where it is that you find any statute in the federal system which suggests that a judge has to impose a prison sentence. What? That he just can't impose a probation sentence. I can actually name a number of statutes. Well, name one. Okay, 1324, three years minimum. 841, five years, ten years. Well, then, but they don't say — 2252. But they just say how much time they serve. But they don't say you cannot serve probation without prison. I surrendered the position that probation was an unauthorized sentence. I agree that probation is an authorized sentence. I'm not arguing that probation is an unauthorized sentence. All I'm saying is we all know that Mr. Garcia Aguilar served the statutory maximum. We also know that he got probation plus the statutory maximum. And the Martin case from the, oh, gosh, was it the Second Circuit, says that probation plus statutory maximum exceeds the statutory maximum. He's never been sentenced. He's never been sentenced to the statutory maximum. I think, you know, you're going to create a clear conflict with Martin. Because in Martin, he gave him probation, and he said, look, you can't — if you give him probation plus the statutory maximum now, he'll be serving in excess of the statutory maximum. You will be creating a clear conflict with Martin. Should you say that the fact that Mr. Garcia Aguilar served his two years, which he had to serve, is meaningless, and Judge Burns could simply ignore that fact? Let's go around the other way. Let's say the judge had said, instead of what he said here, I'm not going to — I'm going to give him a two-year term with care of the time served, followed by five years of supervised release. Impose the same conditions. Yeah. That'd be an easy appeal to win. Because that would be a — the supervised release is controlled by 3583, and it would be — you can only give him up to one year because it's a two-year statutory cap. There's a clear rule on point with respect to how long the supervised release can be. It's only one year. There's no question about that. So as far as the one year — so they've been valid for one year, but not beyond. Right. So, I mean, like, I don't like taking shots in this kind of case, but it really — he served his two years. The other three guys got their time served and their one-year supervised release, and they — everybody served in excess of the statutory maximum in this case, the four defendants that were part of Garcia Aguilar's mandamus. You know, there's just — it was — it's needless to have this argument. Judge Burns should just impose two years and one-year supervised release, and if he comes back on the 13th and 26th, he'll get hammered. What happened to the other two guys? Time served. Everybody got time served except for Mr. Garcia Aguilar. Do you know why? Yes. I know exactly why. Is it in the record? No. But, you know, it's also the case that Judge Burns didn't want to accept this plea at the get-go. And he, you know, putatively was not accepting it to protect Mr. Garcia Aguilar, when in truth and in fact we all know that Judge Burns wanted to impose more than two years. He thought more than two years was warranted. He was trying to impose a sentence longer than what the law allowed. He can't allow that to stand. Well, the trouble that I have is that I was on the district bench once in Idaho, and there were all these aliens who were coming to Idaho and digging spots and doing all the things they have to do with sugar beets. And when they come, you put them on probation, and you give them a big sentence to sit there, and you put them back so that they have to go back to Mexico. The probation is as long as you can make it, and the sentence is too because you're hoping to give them a little deterrence. And it seems to me that this particular sentence is the same. It is a deterrence. It is said, how many times have you got to come across the border and do all these thefts and do what you've done here and not have any big problem that you're going to face? And so he said, let's give him the maximum probation we can give, and then when we give him the maximum probation, if he ever does it, I haven't got any time, I'll have to give him a suspended sentence. I seem to remember the government arguing just a few minutes ago that probation was for the purpose of rehabilitation and not for deterrence. Well, but it is for rehabilitation. The guy is rehabilitated because he stays at home and he does what he has to do. I mean, my problem is that you have to convince me, in order for me to go with where you're going to go, that there's some statute here that says that this judge could not give probation. I don't have that statute. I just have the fact that, the undisputed fact that he served the statutory maximum. I'm out of time. Thanks, Your Honors. Thank you. We'll hear from the Governor. Good morning. Kyle Hoffman for the United States. I'd like to just make three factual points, which I think go to Judge Fernandez's questions and Judge Smith's question. Those points are these. At this point, Mr. Garcia has not spent one day in custody beyond the maximum that he would have been, that he was facing when he came back to the United States illegally in March of 2006. He faced two years on this underlying conviction and he faced one year of supervised release on a previous conviction. So he was facing three years. He served in all, in pretrial detention, two years, seven months, and some days. So at this point, he has not served one year beyond what he was authorized by law. Second point. At this point. That might be a fact, but why does that matter? Well, it matters for reasons that Judge Smith indicated earlier. The probationary sentence here, I think, is a lot of bluster, in a sense, or bark. It's not clear. Even though I think there was an intent to have teeth, I'm not sure it really has teeth for the reasons that Judge Smith indicated. I think if, and actually what Mr. Zugman pointed out in his reply brief, if, and I emphasize the if, if Mr. Garcia comes back, the interplay with the credit for time serves statute 3585 plus the revocation of probation statute 3565 probably means that Judge Burns will not be able to impose any custody time whatsoever if he comes back. I do think Judge Burns was intending to raise the specter of deterrence. Very much so. That's very clear from the record. It's not clear to me that that specter is much more than a specter. What happens if he comes back and they bust his probation? It sounded to me like what the judge was saying was, well, you're going to get stuck in prison anyway for a while. Or in jail. When we bust your probation and you come back, you're going to be put in jail until we get around to doing something about it. Something like that's what he was saying. Is that, what does happen when somebody violates their probation? What happens to me? I violated my probation. You guys pick me up on the street and put me in the slammer? There would probably be an order to show cause why you've not violated the terms and conditions for probation. And yes, usually it's the case that there's a no bail warrant. So the threat is that if he violates his probation, he's going back to jail and then we'll get around to your case eventually? I would respectfully disagree and here's why. If Mr. Garcia comes back and he's brought to the attention of the immigration authorities, he's going to be placed in custody for immigration reasons, first point. Second point, he's going to be facing another 1326 charge. Again, it's a lot of, it's a specter that really doesn't have substance because he's not going to, he would be in jail. I mean, I will concede that. But it won't be solely because of this underlying case and this probation. To kind of segue into my third point, Mr. Garcia is in Mexico now, as far as I know. The sun shines on him in Mexico as it would in the United States. The probation that he's serving, it's punishment in a technical sense because it has been, probation has been held punishment in previous cases. I'm not sure it really qualifies as punishment in the colloquial sense here. It really is meant to be the district court, I want to deter you from coming back, this is the tool I have to do it and no statute, so far as the government can tell, prevents the district court from doing what it did. And that was the bottom line of what I was trying to get across in our papers. I don't know if the court has a question, I'd be happy to try to answer them. If the court has other questions on this or the 496 matter. The district court never sentenced him to prison, right? That's correct. We had a medamus and if I remember the medamus occurred before sentencing. That's correct. There was only one sentence imposed and that was the sentence of probation. Okay, thank you. Thank you. Thank you. Would you like a minute or a moment? Unless the court has questions, I think I'm taking the points. Thank you. Case just argued. Case submitted. We are adjourned. Thank you.
judges: Kozinski, Fernandez, Smith N. R.